IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| MARY L. DAVIS, | |
| Plaintiff, | |
| vs. | No. 00-2243-STA/dkv |
| SAINT FRANCIS HOSPITAL, | |
| Defendant. | |

---

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND TO REFER CLAIMS TO BINDING ARBITRATION
(DOCKET ENTRY ("D.E.") 6)
ORDER OF DISMISSAL

---

On April 22, 2009, Plaintiff Mary L. Davis, a resident of Atoka, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On June 4, 2009, the Court issued an order directing that service issue on Defendant Saint Francis Hospital ("SFH"). (D.E. 3.) On June 30, 2009, Defendant filed a motion, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, requesting that the Court dismiss the action, or in the alternative, stay the proceedings and compel arbitration. (D.E. 6.)

Davis has failed to respond to the motion to dismiss, and the time for filing a response has expired. Ordinary civil litigants proceeding pro se are not entitled to special treatment, including assistance in regards to responding to dispositive motions. See McKinnie v. Roadway Express, Inc., 341 F.3d 554, 558 (6th Cir. 2003)(citing Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

As proof that Davis consented to waive her right to bring suit under Title VII, the Defendant relies on exhibits outside the pleadings. Accordingly, the motion to dismiss must be treated as one for summary judgment. <u>See</u>. Fed. R. Civ. P. 12(d). The Court reviews the defendant's motion for summary judgment under the following standard:

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," <u>id.</u> at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

<u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . .must set forth specific facts showing that there is a genuine issue for trial.'" <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." <u>Id.</u> In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to

a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

On August 16, 2001, Plaintiff was employed as a Cardiac Stress Technician in the Cardiac Care Center at SFH. SFH is owned by a corporation in a chain of subsidiary corporations owned by Tenet, a multi-state healthcare company owning 51 acute care hospitals in 12 states. (D.E. 6-2 at 1.) On that date, Plaintiff signed an Employee Acknowledgment Form ("Form") evidencing a mutual agreement to arbitrate as stated in the Form and explained in the handbook which she received that same day. The Form states, in pertinent part:

> In addition, I acknowledge that I have received a copy of the Tenet Fair Treatment Process brochure. I hereby voluntarily agree to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Tenet. I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against Tenet or its parent, subsidiary or affiliated companies or entities, and each of its and/or their employees, officers, directors or agents, and that, by agreeing to use arbitration to resolve my dispute, both the Company and I agree to forego any right we each may have had to a jury trial on issues covered by the Fair Treatment Process. I also agree that such arbitration will be conducted before an experienced arbitrator chosen by me and the Company, and will be conducted under the Federal Arbitration Act and the procedural rules of the American Arbitration Association ("AAA").
>
> I further acknowledge that in exchange for my agreement to arbitrate, the Company also agrees to submit all claims and disputes it may have with me to final and binding arbitration, and that the Company further agrees that if I submit a request for binding arbitration, my maximum out-of-pocket expenses for the arbitrator and the administrative costs of the AAA will be an amount equal to one day's pay (if I am an exempt employee) or eight times my hourly rate of pay (if I am a nonexempt employee), or the local civil filing fee, whichever is less, and that the Company will pay all the remaining fees and administrative costs of the arbitrator and the AAA. I further acknowledge that this mutual agreement to arbitrate may not be modified

or rescinded except by a written statement signed by both
me and the Company.

(D.E. 6-3, Exhibit 1.)

The text of the Fair Treatment Process brochure ("FTP") provides
that the FTP covers all disputes relating to or arising out of an
employee's employment with the company or the termination of
employment. (D.E. 6-4, Exhibit 2, p. 2.) The FTP lists as examples,
claims "for wrongful termination of employment, breach of contract,
employment discrimination, harassment or retaliation under the ...
Title VII of the Civil Rights Act of 1964 and its amendments or any
state or local discrimination laws, tort claims, ... (Id.) The text
then states: "Your decision to accept employment or to continue
employment with the company constitutes your agreement to be bound
by the FTP. Likewise, the company agrees to be bound by the FTP."
(Id.) Both the text of the Form and the FTP provide that the FTP and
arbitration are the only means of resolving employment-related
disputes and that both parties expressly waive the right to a jury
trial. (D.E. 6-3; D.E. 6-4.)

Davis has filed no document which disputes the fact that she
signed the Agreement. Section 4 of the Federal Arbitration Act
(FAA), 9 U.S.C. § 4, provides as follows:

A party aggrieved by the alleged failure, neglect, or
refusal of another to arbitrate under a written agreement
for arbitration may petition any United States district
court which, save for such agreement, would have
jurisdiction under Title 28, in a civil action or in
admiralty of the subject matter of a suit arising out of
the controversy between the parties, for an order directing
that such arbitration proceed in the manner provided for
in such agreement. Five days' notice in writing of such
application shall be served upon the party in default.
Service thereof shall be made in the manner provided by the
Federal Rules of Civil Procedure. The court shall hear the

4

parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Equal Employment Opportunity Commission v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 459-60 (6th Cir. 1999)(quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625-26 (1985)). In this case, there is no dispute that the parties entered into an arbitration agreement that expressly provided that "all disputes relating to or arising out of an employee's employment with the company or the termination of employment" will be resolved through the FTP and arbitration. Plaintiff's Title VII claims are covered by that agreement.

Section 2 of the FAA, 9 U.S.C. § 2, provides in relevant part as follows:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Thus, "[u]nder the FAA, generally available contract defenses such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." Burden v. Check Into Cash, LLC, 267 F.3d 483, 492 (6th Cir. 2001).

If Plaintiff had contended that the signed acknowledgment containing the arbitration clause was a contract of adhesion because she was required to sign it as a condition of her employment, it is nonetheless enforceable under Tennessee law because it "clearly lays out the terms" and does not "contain terms beyond the reasonable expectations of an ordinary person, nor is it oppressive or unconscionable." Pyburn v. Bill Heard Chevrolet, 63 S.W.3d 351, 360 (Tenn. Ct. App. 2001); see also Gunby v. Equitable Life Assurance Society, 971 S.W.2d 7, 11 (Tenn. Ct. App. 1998) (rejecting argument that employment contract containing arbitration clause was unenforceable as a contract of adhesion). Even had Plaintiff responded that she was required to agree to the arbitration provision as a condition of her employment with SFH, such a contention would not provide sufficient grounds for avoiding enforcement of the provision.

Plaintiff's claims are subject to mandatory arbitration.  There is persuasive authority for the proposition that dismissal, rather than a stay, is preferable where, as here, all the issues raised in Plaintiff's complaint must be submitted to arbitration.  See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992); Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988) (expressly holding that 9 U.S.C. § 3 does not preclude dismissal).

For all the foregoing reasons, the Court finds Plaintiff has failed to establish a genuine issue of material fact and Defendant is entitled to judgment as a matter of law.  The motion for summary judgment (D.E. 7) is GRANTED, the complaint is dismissed,[1] and Plaintiff's claims are REFERRED to arbitration.  The Clerk is directed to enter judgment for Defendant.

IT IS SO ORDERED this 26th day of February, 2010.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[1]     In so holding, the Court expressly does not rule on the substantive merit of Plaintiff's claims against SFH.

7